Dear Mr. Barnes:
This office is in receipt of your request for an opinion from the Attorney General in regard to the management of legal claims by or against the municipality or its employees in a Lawrason Act community. Specifically you ask, once a city attorney has been appointed by the mayor with the confirmation of the governing authority, and litigation is commenced with the city attorney as counsel, can the board of aldermen direct the city attorney to dismiss an appeal or withdraw a defense to pending litigation, or is this a decision within the mayor's administrative powers.
Under R.S. 33:404 the mayor is endowed with the power and duty to supervise and direct the administration and operation of all municipal departments, offices and agencies. Therefore, we would conclude that the matter of continuing litigation in which the municipality is a party is within the administrative power of the mayor in a Lawrason Act community.
However, we must consider that control can be exercised to some extent by the board of aldermen through their authority over appropriations. While the board of aldermen do not have the right to approve or disapprove the payment of specific bills if they fall within an approved budgetary appropriation, expenditures can only be made pursuant to specific appropriations from a budget approved by the governing authority. Moreover, the governing authority can further control the budget to the extent it has the power to adopt a budget amendment in accordance with R.S. 39:1301 et seq.
Therefore, considering the costs incidental to litigation and appeals, the mayor's authority in making these decisions must be considered in the light of the allocations in the budget to such matters.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
BBR